UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JASON SCOTT KRATZCHMAR, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:20-CV-360-DRL-MGG |
| MARSHALL COUNTY SHERIFF DEP. *et al.*, | |
| Defendants. | |

OPINION & ORDER

Jason Scott Kratzchmar, a prisoner without a lawyer, filed a complaint. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Under 28 U.S.C. § 1915A, the court still must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against an immune defendant. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

In the complaint, Mr. Kratzchmar alleges that, since June 2019, he has been subjected to overcrowded conditions at the Marshall County Jail, which have forced him to sleep on the floor near a toilet and to eat meals on a toilet. Because he is a pretrial

detainee, the court must assess his claims under the Fourteenth Amendment instead of the Eighth Amendment. *See Mulvania v. Sheriff of Rock Island Cty.*, 850 F.3d 849, 856 (7th Cir. 2017). "[T]he Fourteenth Amendment's Due Process Clause prohibits holding pretrial detainees in conditions that amount to punishment." *Id.* "It is well established that there is no *respondeat superior* liability under § 1983." *Gayton v. McCoy*, 593 F.3d 610, 622 (7th Cir. 2010). For individual defendants, "liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise." *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). Further, to pursue a claim under § 1983 against a local governmental entity, a plaintiff must show that his injury was the result of that entity's official policy or practice. *Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650, 675 (7th Cir. 2012). In the complaint, Mr. Kratzchmar doesn't describe how Bo Holcomb or Matt Hassel were personally involved, and he doesn't identify a policy or practice of Marshall County or the Marshall County Sheriff's Department that resulted in the violation of his constitutional rights. Therefore, he may not proceed against these defendants.

Nevertheless, the court will give Mr. Kratzchmar the opportunity to file an amended complaint. *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013). If he chooses to file an amended complaint, he should use the court's approved form and must put the case number of this case on it, which is on the first page of this order. Additionally, he should file an amended complaint only if he believes he can address the deficiencies set forth in this order.

For these reasons, the court:

(1) GRANTS Jason Scott Kratzchmar until <u>August 27, 2020</u> to file an amended complaint; and

(2) CAUTIONS Jason Scott Kratzchmar that, if he does not respond by that deadline, this case will be dismissed without further notice.

SO ORDERED.

July 28, 2020                                             *s/ Damon R. Leichty*
                                                          Judge, United States District Court