UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JASON SCOTT KRATZCHMAR,

    Plaintiff,

v.                                                CAUSE NO. 3:20-CV-360-DRL-MGG

BO HOLCOMB *et al.*,

    Defendants.

## OPINION & ORDER

Jason Scott Kratzchmar, a prisoner without a lawyer, filed a complaint. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Under 28 U.S.C. § 1915A, the court still must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against an immune defendant. "[T]o state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

In the amended complaint, Mr. Kratzchmar alleges that, from June 2019 to January 2020, Sheriff Hassel and Jailer Holcomb subjected him to overcrowded and unsanitary conditions at the Marshall County Jail. They also forced him to sleep on the floor and to eat on a toilet or the floor instead of at a table. Because Mr. Kratzchmar is a pretrial

detainee, the court must assess his claims under the Fourteenth Amendment instead of the Eighth Amendment. *See Mulvania v. Sheriff of Rock Island Cty.*, 850 F.3d 849, 856 (7th Cir. 2017). "[T]he Fourteenth Amendment's Due Process Clause prohibits holding pretrial detainees in conditions that amount to punishment." *Id.* "A pretrial condition can amount to punishment in two ways: first, if it is imposed for the purpose of punishment, or second, if the condition is not reasonably related to a legitimate goal—if it is arbitrary or purposeless—a court permissibly may infer that the purpose of the government action is punishment." *Id.* A pretrial detainee can "prevail by providing only objective evidence that the challenged governmental action is not rationally related to a legitimate governmental objective or that it is excessive in relation to that purpose." *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015). Giving him the favorable inferences to which he is entitled at this stage of the proceedings, Mr. Kratzchmar states a plausible Fourteenth Amendment claim against Sheriff Hassel and Jailer Holcomb.

For these reasons, the court:

(1) GRANTS Jason Scott Kratzchmar leave to proceed on a Fourteenth Amendment claim against Sheriff Hassel and Jailer Holcomb for money damages for subjecting him to overcrowded and unsanitary conditions from June 2019 to January 2020;

(2) DISMISSES all other claims;

(3) DIRECTS the clerk and the United States Marshals Service to issue and serve process on Sheriff Hassel and Jailer Holcomb at the Marshall County Jail with a copy of this order and the amended complaint (ECF 6) as required by 28 U.S.C. § 1915(d); and

2

(4) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Sheriff Hassel and Jailer Holcomb to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which Jason Scott Kratzchmar has been granted leave to proceed in this screening order.

SO ORDERED.

September 18, 2020                             *s/ Damon R. Leichty*
                                               Judge, United States District Court